(No. 4635-

THERON A. DENTON, AS ADMINISTRATOR OF THE ESTATE OF STEPHEN DENTON, DECEASED, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1954.*
*Petition of claimant for rehearing denied January 11, 1955.*

FRANK E. TROBAUGH AND DAVID A. WARFORD, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

The complaint in this case was filed with the Clerk of the Court of Claims on July 30, 1954 by the administrator of the estate of Stephen Denton, deceased. A motion was filed by respondent to dismiss the complaint on August 13, 1954, in which an attack was made on the jurisdiction of this Court to hear the claim.

This is a wrongful death action arising out of the death on August 6, 1953 of Stephen Denton, a minor, who was living with his parents, Theron A. Denton, the administrator, and his mother, Thelma Denton. At the time of the occurrence in question, Stephen Denton was residing with his parents in an apartment, which was owned by the Southern Illinois University, where Theron A. Denton was enrolled as a student on the date of the death of his son.

Claimant charges the agents, servants and employees of the Southern Illinois University with negligence in permitting children to play in vacant apartments in the buildings, which were provided for students and their families, wherein items such as ice boxes and other articles were left. On the day in question, Stephen Denton met his death by suffocation, when the door of an ice box in one of the vacant apartments closed upon him, while he was playing therein.

The jurisdiction of this Court is limited to claims set forth in Sec. 8 of the Court of Claims Act (Chap. 37, Par. 439.8, Ill. Rev. Stats., 1953). This Act covers claims against the State of Illinois, and in specified instances against The Board of Trustees of the University of Illinois.

The Board of Trustees of Southern Illinois University is, by statute, made a body politic and corporate for the purposes of operating, managing, controlling and maintaining the University (Chap. 122, Par. 435.1, Ill. Rev. Stats., 1953). This statute provides that the Board has the power to enter into contracts, and to sue and be sued. (Chap. 122, Par. 435.7, Ill. Rev. Stats., 1953).

This Court, in the case of *B and F Hi-Line Construction Corporation* vs. *State,* No. 4477, opinion filed

February 8, 1952, had occasion to pass upon the question of jurisdiction of this Court on a claim based upon a contract between claimant and The Board of Trustees of Southern Illinois University. We quote from a portion of said opinion:

"The Court is of the opinion that The Board of Trustees, being a corporate body, with the right of being sued, that a Court of general jurisdiction would be the place to bring such a suit, and for this reason this Court is without jurisdiction."

A similar motion was filed in that case, which was sustained. The Court in its opinion held that The Board of Trustees of the University was a body politic and corporate, which could sue and be sued.

The jurisdiction of this Court to hear and determine claims predicated upon alleged negligence is contained in Section 8C of the Court of Claims Act. In an opinion filed on January 8, 1952, in the case of *Patrick Davern, Jr., Etc.* vs. *State of Illinois,* this Court held:

"This section can only apply where the state would be liable for a tort action. The section specifically gives a cause of action against The Board of Trustees of the University of Illinois in tort cases. It does not extend to any other corporate entity.

\* \* \* \* \* \* \*

The state, under a constitutional provision, cannot be sued either at law or in equity, and it cannot by statute waive immunity. It can by appropriate action delegate to the Court of Claims jurisdiction to make awards on claims cognizable by it. This requires a definite action on the part of the state, and, having failed to extend the law to include Boards of Education, this Court is without jurisdiction to entertain such a claim."

Therefore, the motion to dismiss the complaint filed herein is sustained, for the reason that this Court does not have jurisdiction of negligence cases of agents or employees of the Southern Illinois University, which is operated, managed and controlled by The Board of Trustees of Southern Illinois University, a body politic and corporate, which, by statute, can sue and be sued.

We are of the opinion that, inasmuch as the Court of Claims Act does not specify any Board or University, other than The Board of Trustees of the University of Illinois, by exclusion this Court would not have jurisdiction to hear this claim.

SUPPLEMENTAL OPINION.

FEARER, J.

An opinion was filed on October 22, 1954 denying the claim of Theron A. Denton, Administrator of the Estate of Stephen Denton, Deceased. In said opinion this Court found that the agents charged with the negligence in the complaint were agents of the Southern Illinois University, and not the agents of the State of Illinois as contended by claimant.

A petition for rehearing was filed by claimant on November 19, 1954, in which our attention was called to the fact that claimant's complaint charges negligence on the part of the agents, servants and employees of the State of Illinois. We were cognizant of this fact when our opinion denying the claim was written, and it was our finding that the agents, servants and employees referred to in the complaint, against whom such negligent acts were charged, were not agents of the State of Illinois but of the Southern Illinois University. We also concluded that this Court did not have jurisdiction to hear the case, as it did not come under Chap. 37, Sec. 439.8, Par. 8C. This Court has previously held that Par. 8C specifically is this Court's jurisdiction to hear claims against the State of Illinois in cases sounding in tort, and claims sounding in tort against The Board of Trustees of the University of Illinois, but does not extend to any other corporate entity.

We further found that this Court did not have jurisdiction of negligence cases involving agents and employees of the Southern Illinois University, which is operated, managed, and controlled by The Board of Trustees of said University. We also found that it is a body politic and corporate, which by statute can sue and be sued.

The cases and statutes cited in claimant's petition for rehearing pertaining to the State Civil Service Act will not change the law, and hold that this Court has jurisdiction to hear tort actions of agents and employees of Southern Illinois University under Par. 8C, hereinabove referred to. Whether or not the agents and employees of the Southern Illinois University come under the Civil Service Act, and are considered employees of the state for that purpose, rather than employees of The Board of Education of Southern Illinois University, is an entirely different question.

In the case of *Paula B. Engleman* vs. *State of Illinois,* which was written and filed on January 19, 1927, the Court made an award for damages for injuries sustained by claimant when the bleachers collapsed, while claimant was attending a football game at the Southern Illinois Normal University. It will be noted that this case was decided before the amendment to the Act of 1945. Furthermore, the Court in that case held there was no legal liability upon the part of the state.

The present Act referred to mentions The Board of Trustees of the University of Illinois, and, by omission, eliminates other State Universities.

After considering the arguments presented, the statutes and cases referred to, it is the opinion of this Court that the petition of claimant for rehearing should be, and is hereby denied.